RECEIVED APR 11 2008 CHAMBERS OF JUDGE SIDNEY H. STEIN U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/14/08

THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MICHAEL K. GERTZER**
Assistant Corporation Counsel
E-mail: mgertzer@law.nyc.gov
Phone: (212) 788-0786
Fax: (212) 788-9776

**MEMO ENDORSED**                April 10, 2008

**BY ECF AND BY HAND**
The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re:    Stephen Shea v. City of New York, et al., 08 Civ. 02920

Your Honor:

        I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendant City of New York in the above-referenced matter. I write with respect to the above-referenced matter in which plaintiff alleges that his constitutional rights were violated by defendants. Defendant City respectfully requests an extension of its time to answer or otherwise respond to this complaint from April 15, 2008 until June 16, 2008. Plaintiff has consented to this request.

        There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. Furthermore, it is our understanding that the records of the underlying criminal actions, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, this office is in the process of forwarding to plaintiff for execution consents and authorizations for the release of sealed arrest and criminal prosecution records so that defendant can access the information, properly assess the case, and respond to this complaint.

        Additionally, upon information and belief the named individual officer defendant Officer Jesse Taylor has not been served with the summons and complaint in this action. Therefore, should the Court grant this enlargement, it should allow plaintiff time to serve Officer Taylor. If Officer Taylor is timely served, the enlargement of time should also give this office

time to determine, pursuant to Section 50-k of the New York General Municipal law, and based upon a review of the facts of the case, whether we may represent him. *See Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension has been made by defendant City. Accordingly, we respectfully request that defendant City's time to answer or otherwise respond to the complaint be extended to June 16, 2008. *Plt's to execute authorization for release of records by April 21. Initial pretrial conf. remains at May 9.*

Thank you for your consideration herein.

Respectfully submitted,

Michael K. Gertzer
Assistant Corporation Counsel

cc:  David Segal
     30 Vesey Street
     New York, NY 10007 (By ECF)

SO ORDERED, 4/14/08

SIDNEY H. STEIN
U.S.D.J.

2