UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

STEPHEN SHEA,

Plaintiff,

-against-

THE CITY OF NEW YORK, NYC POLICE DEPARTMENT, POLICE OFFICER JESSE TAYLOR, SH #23485, POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2, AND POLICE OFFICER JOHN DOE #3,

08 Civ 2920 (SHS)

Defendants.

---------------------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITY OF NEW YORK AND NYC POLICE DEPARTMENTS' MOTION TO DISMISS**

MICHAEL A. CARDOZO,
Corporation Counsel of the City of New York
Attorney for Defendant
100 Church Street
New York, New York 10007
(212)788-0786

On the Brief:
Michael K. Gertzer

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

STEPHEN SHEA,

Plaintiff,

-against-

THE CITY OF NEW YORK, NYC POLICE DEPARTMENT, POLICE OFFICER JESSE TAYLOR, SH #23485, POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2, AND POLICE OFFICER JOHN DOE #3,

08 Civ 2920 (SHS)

Defendants.

---------------------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITY OF NEW YORK AND NYC POLICE DEPARTMENTS' MOTION TO DISMISS**

## PRELIMINARY STATEMENT

Defendants City of New York and NYC Police Department[1] submit herein their memorandum of law in support of their motion to dismiss the plaintiff's complaint (the "Complaint") pursuant to Fed.R.Civ.Pro. 12(b)(6) for failure to state a claim on the basis that the Complaint fails to comply with Fed.R.Civ.Pro. 8. Specifically, the Complaint (annexed to the Notice of Motion) is nearly devoid of factual allegations and thus fails to provide sufficient

[1] As an agency of the City of New York, the NYPD is not a suable defendant. Indeed, Chapter 17, Section 396 of the New York City Charter provides that "all actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not that of any agency except where otherwise provided by law." *See also Barry v. New York City Police Department*, 01 Civ. 10627 (CBM), 2004 U.S. Dist. LEXIS 5951, at *28-29 (S.D.N.Y. Apr. 7, 2004)("As an agency of the City of New York, the NYPD is a non-suable entity"). Therefore, as a matter of law, the NYPD cannot be a defendant in this action, and the defendants respectfully request that the Complaint be dismissed with respect to the NYPD.

notice to the defendants of the claims asserted therein. This motion is filed in lieu of an answer to the Complaint.

## FACTS

Plaintiff Stephen Shea filed the Complaint on March 20, 2008. Plaintiff alleges five causes of action: (1) false arrest/false imprisonment; (2) a claim that defendants conspired to deprive the plaintiff of his rights under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments; (3) a *Monell* claim against City and the NYPD alleging deliberate indifference in the training, discipline and supervision of the individual defendants; (4) malicious prosecution; and (5) abuse of process.

As this Court will readily ascertain the Complaint is nearly devoid of factual allegations, and merely recites a series of conclusory allegations. For example, paragraph "15" of the Complaint states only that October 8, 2006, the plaintiff "was falsely arrested, assaulted and imprisoned" by the defendants. No further "facts" are even alleged regarding the plaintiff's false arrest, false imprisonment or assault claims.[2] No facts are alleged with respect to plaintiff's conspiracy claim or *Monell* claim. The sole other factual allegations made by the plaintiff which might relate to his abuse of process and malicious prosecution claims are that (1) he was taken to the 34th precinct and then to the Criminal Court to be arraigned [Complaint at ¶16]; (2) that he was charged with Resisting Arrest and Harassment in the Second Degree [Complaint at ¶17]; (3) that he was released from the Criminal Court on his own recognizance [Complaint at ¶18]; and (4) that all charges against the plaintiff were dismissed [Complaint at ¶19].

---

[2] Indeed, the plaintiff makes no mention of his assault claim again in the Complaint. Nor does he mention any of the circumstances of his arrest.

With respect to named individual defendant Police Officer Jesse Taylor[3], the plaintiff identifies absolutely no "facts" at all—only conclusory allegations that the Taylor:

- "Without a legal or just reason or probable cause arrested and imprisoned plaintiff for alleged violations of the N.Y.S. Penal Law" [Complaint at ¶20(a)];
- "failed and refused to timely advise the plaintiff of the reasons for his arrest" [Complaint at ¶20(b)];
- "maliciously and without provocation, used excessive, illegal and unjustified force on plaintiff" [Complaint at ¶20(c)]; and
- "falsely swore to the Criminal Court Complaint" [Complaint at ¶20(d)].

Similarly, the plaintiff also makes further conclusory allegations with respect to certain unidentified "John Doe" defendants, namely that they:

- "[m]ade false statements to a superior officer at the scene of the occurrence and at the 34th Precinct concerning the plaintiff's arrest and imprisonment" [Complaint at ¶21(a)];
- "[c]ontinued to detain plaintiff knowing that the charges were false" [Complaint at ¶21(b)]; and
- "[c]overed up their actions and those of defendant Police Officer Taylor." [Complaint at ¶21(c)].

As a result of the manner in which plaintiff has chosen to plead, it is nearly impossible to determine from a reading of the Complaint what the plaintiff is alleging took place; no facts were given, only a recitation of the elements of the causes of action asserted. The Complaint is rife with conclusory allegations that tell defendants nothing. Plaintiff has simply failed to comply with his pleading obligations under Rule 8.

---

[3] Counsel does not at this time represent Officer Taylor.

## LEGAL ARGUMENT

## POINT I

## PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE IT FAILS TO COMPLY WITH THE REQUIREMENTS OF FED.R.CIV.PRO. 8

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides as follows:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
> > (2) a short and plain statement of the claim showing that the pleader is entitled to relief...

Although pleading requirements under Rule 8 have traditionally been broadly and leniently interpreted, with the 2007 decision of *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955 (2007), the Supreme Court explained the standard to successfully plead a claim. As interpreted under the prior standard set forth in *Conley v. Gibson*, 355 U.S. 41 (1957), a complaint could be dismissed under Fed.R.Civ.Pro. 12(b)(6) for failing to comply with Rule 8 only if it were beyond doubt that "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46. The *Twombly* court rejected that standard noting that "this famous observation has earned its retirement." *Twombly*, 127 S. Ct. at 1969. Rather, the Court held that a plaintiff must state sufficient facts in the complaint that the claim for relief is "plausible" on its face, not simply "conceivable." *Id.* at 1974. A pleader is obligated to "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007).

Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

Even though barely a year has passed since *Twombly*, courts have repeatedly dismissed complaints that plead insufficient facts to satisfy the plausibility requirement. For example in *Dunlop v. City of New York*, 06 Civ. 0433 (RJS), 2008 U.S. Dist. LEXIS 38250 (S.D.N.Y. May 6, 2008), a §1983 case arising from the arrest of the plaintiff at the Republican National Convention, the court dismissed several conspiracy claims where the complaint stated only vague, conclusory and general allegations, such as that the defendants had conspired to violate the plaintiff's rights. *Dunlop*, 2008 U.S. Dist. LEXIS 38250, at *20. The court found that in order to properly plead a conspiracy claim, the plaintiff had a duty to allege facts sufficient to plausibly assert the existence of an agreement between a state actor and a private party, or among several state actors to inflict an unconstitutional injury. *Id.* at *23. The Court found that the plaintiff had failed to accomplish this. For example, factual allegations that certain defendants had met to discuss security prior to the Republican National Convention were insufficient to show that, as a result, an agreement was made to violate the plaintiff's civil rights. *Id.* at *24.[4]

Other courts in this Circuit have dismissed complaints based on *Twombly*. *Martin v. City of New York*, 07 Civ. 7384 (DC), 2008 U.S. Dist LEXIS 33946 (S.D.N.Y. Apr. 23, 2008)(in §1983 action, court dismissed complaint with respect to hospital defendant where

[4] Indeed, the only conspiracy claim to survive the motion related to an alleged conspiracy to remove certain pieces of videotape depicting the plaintiff. With respect to that claim, the court noted that the plaintiff had alleged sufficient facts from which it could be reasonably inferred that two individuals had reached an agreement to remove certain videotape portions, and that certain videotape images were removed in furtherance of that goal. Obviously, the plaintiff in the within action has not pleaded his conspiracy claim by alleging any facts.

complaint did not even mention defendant); *Martinez v. City of New York*, 06 Civ. 1476 (TPG), 2008 U.S. Dist. LEXIS 19782 (S.D.N.Y. Mar. 11, 2008)(complaint alleging employment discrimination was dismissed where only supporting factual allegation was that a coworker allegedly addressed the plaintiff by his first name instead of by his surname); *Vitola v. City of New York*, 07-CV-3678 (JG), 2007 U.S. Dist LEXIS 71067, at *7 (E.D.N.Y. Sept. 25, 2007)(court found that claim of "ongoing harassment and misconduct" was too general to provide notice to any defendant of the nature of the claim); *Seabrook v. City of New York*, 509 F. Supp. 2d 393 (S.D.N.Y. 2007)(court dismissed complaint alleging sundry constitutional and state tort claims on the basis that, *inter alia,* the plaintiffs had either made conclusory allegations that simply tracked statutory language, or had failed to even allege the required elements of the claims asserted).

In the within action, as set forth above, the plaintiff has utterly failed to allege any facts relating to false arrest/false imprisonment (except the purported date of the incident), no facts in support of his conspiracy claim, and no facts in support of his *Monell* claim against the City of New York. Therefore, under *Twombly*, these claims must be summarily dismissed.

Furthermore, the plaintiff has failed to allege sufficient facts to establish a claim for the tort of abuse of process. A plaintiff must show three elements to prove abuse of process: (1) regularly issued process, either civil or criminal; (2) an intent to do harm without excuse or justification; and (3) use of the process in a perverted manner to obtain a collateral objective. *First Merchant Bank OSH, Ltd. v. Village Roadshow Pictures (U.S.A.), Inc.*, 01 Civ. 8370 (GEL), 2002 U.S. Dist. LEXIS 11769, at *22 (S.D.N.Y. Jun. 28, 2002). At best, the only factual allegations that the plaintiff makes with respect to this cause of action is that he was arraigned,

and that PO Taylor falsely swore to the Criminal Court complaint.[5] There is no factual allegation of the collateral objective sought to be achieved. Therefore, this claim must also be dismissed.

Finally, the plaintiff has failed to allege sufficient facts to sustain a claim of malicious prosecution. To sustain a claim of malicious prosecution, plaintiff must show that: (1) defendants commenced or continued a criminal proceeding against plaintiff; (2) the proceeding was terminated in plaintiff's favor; (3) there was an absence of probable cause for the proceeding; and (4) the proceeding was instituted with malice. Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir. 2003) (citations omitted); Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003); Rohman v. City of New York Transit Auth., 215 F.3d 208, 215 (2d Cir. 2000); Broughton v. State of New York, 37 N.Y.2d 451, 456, 373 N.Y.S.2d 87, 93 (1975). Although admittedly the plaintiff has alleged that a criminal proceeding was commenced against the plaintiff, and that the prosecution was terminated in his favor, those are merely elements of the tort, not facts that would sufficiently plead the elements. Additionally, the plaintiff has not alleged a single fact relating to any purported absence of probable cause (aside from the conclusory allegation that he was falsely arrested), and has not alleged any facts that the proceeding was instituted with malice. Therefore, under *Twombly* this claim must also be dismissed.

In the within action, it is clear that the plaintiff has failed to allege sufficient facts that lend plausibility to any of his causes of action. None of the causes of action are plausible based upon the facts pled. Instead, the plaintiff has simply offered a potpourri of conclusory allegations which tell the defendant nothing about the actual factual issues raised, and leave his

[5] Of course, the plaintiff has not identified to what Officer Taylor purportedly falsely swore. In any event, defendants contend that this allegation is merely conclusory, not factual.

claims for relief speculative at best. Because the plaintiff has failed to allege sufficient facts to make his claims for relief plausible, the Complaint must be dismissed.

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss the plaintiff's Complaint must be granted.

Dated: New York, New York
May 28, 2008

MICHAEL CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendants City of New York and
New York Police Department
100 Church Street
New York, New York 10007

By: ______________________
Michael K. Gertzer
Assistant Corporation Counsel