UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

STEPHEN SHEA,

                                      Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER JESSE TAYLOR,
SH#23485, POLICE OFFICER JOHN DOE #1, POLICE
OFFICER JOHN DOE #2 AND POLICE OFFICER JOHN
DOE #3,

                                      Defendants.

**ANSWER OF DEFENDANTS CITY OF NEW YORK, JESSE TAYLOR AND NEW YORK CITY POLICE DEPARTMENT**

08 Civ 2920 (SHS)

**JURY TRIAL DEMANDED**

------------------------------------------------------------------------ x

        Defendants the City of New York ("City"), New York City Police Department and Jesse Taylor, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for an answer to plaintiff's Complaint ("Complaint"), respectfully allege, upon information and belief, as follows:

        1.    Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

        2.    Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

        3.    Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to lay venue as stated therein.

        4.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York and that it maintains the New York City Police Department and respectfully refer the Court to the New York City Charter and Administrative Code for the relationship between defendant City and the New York City Police Department.

7. Admit the allegations in paragraph "7" of the Complaint.

8. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "8" of the Complaint.

9. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "9" of the Complaint.

10. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "10" of the Complaint.

11. Admit that Taylor was employed by the City and NYPD, otherwise paragraph "11" of the Complaint contains legal conclusions to which no response is required.

12. Paragraph "12" of the Complaint contains legal conclusions to which no response is necessary.

13. Deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph "13" of the Complaint.

14. Paragraph "14" of the Complaint contains legal conclusions to which no response is required.

15. Deny the allegations contained in paragraph "15" of the Complaint.

16. Deny the allegations contained in paragraph "16" of the Complaint.

17. Admit that plaintiff was taken to the 34th Precinct and that he was arraigned at Criminal Court of the City of New York, County of New York, otherwise deny the allegations contained in paragraph "17" of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph "18" of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph "19" of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph "20" of the Complaint.

21. Deny the allegations contained in paragraph "21" of the Complaint.

22. Deny the allegations contained in paragraph "22" of the Complaint.

23. Deny the allegations contained in paragraph "22" of the Complaint.

24. In response to the allegations set forth in paragraph "24" of the Complaint, defendants repeat and reallege each and every of its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

25. Deny the allegations contained in paragraph "25" of the Complaint.

26. Deny the allegations contained in paragraph "26" of the Complaint.

27. Deny the allegations contained in paragraph "27" of the Complaint.

28. In response to the allegations set forth in paragraph "28" of the Complaint, defendants repeat and reallege each and every of its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

29. Deny the allegations contained in paragraph "29" of the Complaint.

30. Deny the allegations contained in paragraph "30" of the Complaint.

31. In response to the allegations set forth in paragraph "31" of the Complaint, defendants repeat and reallege each and every of its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

32. Deny the allegations contained in paragraph "32" of the Complaint.

33. Deny the allegations contained in paragraph "33" of the Complaint.

34. In response to the allegations set forth in paragraph "34" of the Complaint, defendants repeat and reallege each and every of its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

35. Deny the allegations contained in paragraph "35" of the Complaint.

36. Deny the allegations contained in paragraph "36" of the Complaint.

37. Deny the allegations contained in paragraph "37" of the Complaint.

38. Deny the allegations contained in paragraph "38" of the Complaint.

39. Deny the allegations contained in paragraph "39" of the Complaint.

40. Deny the allegations contained in paragraph "40" of the Complaint.

41. In response to the allegations set forth in paragraph "41" of the Complaint, defendants repeat and reallege each and every of its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

42. Deny the allegations contained in paragraph "42" of the Complaint.

43. Deny the allegations contained in paragraph "43" of the Complaint.

44. Deny the allegations contained in paragraph "44" of the Complaint.

45. Deny the allegations contained in paragraph "45" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

46. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

47. Defendants City of New York, Jesse Taylor and New York City Police Department have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have the defendants City of New York and New York City Police Department violated any act of Congress for providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

48. At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

49. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

50. There was probable cause for plaintiff's detention.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

51. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

52. Plaintiff has failed to comply with all conditions precedent to suit.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

53. Jesse Taylor did not violate any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

54. At all times relevant to the acts alleged in the Complaint, defendant Jesse Taylor acted reasonably in the proper and lawful exercise of his discretion.

**WHEREFORE**, defendants City of New York, Jesse Taylor and New York City Police Department request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         July 18, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendants City of New York, New York City Police Department and Jesse Taylor*
100 Church Street
New York, New York 10007
(212) 788-0786

By: _____/s/_____
    Michael K. Gertzer

TO:  David Segal, Esq. (By ECF)